UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ZACK O'SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:17-cv-68-HSM-CHS |
| ) | |
| BEDFORD COUNTY JAIL, BEDFORD ) | |
| COUNTY SHERIFF'S DEPARTMENT ) | |
| and BEDFORD COUNTY COURTS, ) | |
| | |
| Defendants. | |

### MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Zack O'Sullivan ("Plaintiff"). Upon initial screening of Plaintiff's complaint, the Court determined that Plaintiff failed to state a claim against any of the named defendants, but found that "it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend" [Doc. 3 at 7–8]. Accordingly, the Court ordered Plaintiff to file an amended complaint within twenty-one days of entry of the Court's order [*Id*. p. 8]. Plaintiff was forewarned that the failure to timely comply with the order would result in dismissal of this action for want of prosecution and failure to comply with Court orders [*Id*. pp. 8–9].

The order was entered on November 15, 2018, and the record reflects that a copy was mailed to Plaintiff at his listed address at the Bedford County Correctional Facility [Doc. 3]. On December 3, 2018, that mail was returned as undeliverable and unable to be forwarded [Doc. 4]. Plaintiff has not provided the Court with an updated address as required under the Local Rules. *See* E.D. Tenn. L.R. 83.13. In addition, far more than twenty-one days have passed and Plaintiff

has not filed an amended complaint, nor has he responded to the order or communicated with the Court in any way.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order is due to his own willfulness and fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that the Court's order directing Plaintiff to file an amended complaint was mailed to Plaintiff at his last reported address [Doc. 3] and was returned as undeliverable with no forwarding address [Doc. 4].

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's order set a clear and

2

firm deadline for Plaintiff to follow. He nevertheless failed to adhere to that deadline, in violation of both the local rules and the order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the record shows that the Court warned Plaintiff that his case would be dismissed if he failed to comply with the Court's order within the allotted timeframe [Doc. 3 at 8–9]. Plaintiff's failure to comply with that order despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiff failed to respond to the Court's order, has not provided an updated address, and otherwise has failed to monitor or pursue this action in any way since filing his complaint on November 1, 2017 [Doc. 2]. Any further attempt to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED with prejudice** for want of prosecution and for failure to comply with the Court's orders and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

3

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE